# EXHIBIT B



Return to Case    Main Menu    Logoff

## Loudoun County Circuit - Civil Division
### Pleadings/Orders Detail

**Case Number:** CL22000662-00

| Filed | Type | Party | Judge | Book | Page | Remarks |
|-------|------|-------|-------|------|------|---------|
| 02/04/22 | Other | PLTS | | | | COVER SHEET |
| 02/04/22 | Complaint | PLTS | | | | F/ OTH GEN TORT LIABILITY |
| 02/05/22 | Request | | | DB | - | PRIVATE PROCESS SERVICE |
| 04/11/22 | Motion | | | KMM | . | DEF CONSENT M/TO EXTEND |
| 04/11/22 | Draft Order | | | KMM | . | RE: CONSENT MOTION |
| 04/19/22 | Answer | | | | | TO COMPLAINT |
| 04/20/22 | Answer | DEF | | | | & AFFIRMATIVE DEFENSES |

Return to Case    Main Menu    Logoff

Build #: 3.9.0.1

# COVER SHEET FOR FILING CIVIL ACTIONS

COMMONWEALTH OF VIRGINIA

Case No. _____

(CLERK'S OFFICE USE ONLY)

Circuit Court for Loudun County

_____ Circuit Court

Arjun Iyer, a minor By and Through his Parent and      v./In re: _____ Walmart Inc.

PLAINTIFF(S)

Next Friend Rakesh Iyer

DEFENDANT(S)

Handy Technologies, Inc.

I, the undersigned [ ] plaintiff [ ] defendant [x] attorney for [x] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL

**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
   [ ] Monetary Damages
   [ ] No Monetary Damages
[ ] Counterclaim
   [ ] Monetary Damages
   [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court

**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment

**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
   [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights

**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[x] Other General Tort Liability

## ADMINISTRATIVE LAW

[ ] Appeal/Judicial Review of Decision of (select one)
   [ ] ABC Board
   [ ] Board of Zoning
   [ ] Compensation Board
   [ ] DMV License Suspension
   [ ] Employee Grievance Decision
   [ ] Employment Commission
   [ ] Local Government
   [ ] Marine Resources Commission
   [ ] School Board
   [ ] Voter Registration
   [ ] Other Administrative Appeal

## DOMESTIC/FAMILY

[ ] Adoption
   [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
   [ ] Annulment – Counterclaim/Responsive Pleading
[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
   [ ] Complaint – Contested*
   [ ] Complaint – Uncontested*
   [ ] Counterclaim/Responsive Pleading
   [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
[ ] Separate Maintenance
   [ ] Separate Maintenance Counterclaim

## WRITS

[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS

[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
   [ ] Guardian/Conservator
   [ ] Standby Guardian/Conservator
[ ] Trust (select one)
   [ ] Impress/Declare
   [ ] Reformation
[ ] Will (select one)
   [ ] Construe
   [ ] Contested

## MISCELLANEOUS

[ ] Appointment (select one)
   [ ] Church Trustee
   [ ] Conservator of Peace
   [ ] Marriage Celebrant
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
   [ ] Reinstatement pursuant to § 46.2-427
   [ ] Restoration – Habitual Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of U.S. Currency
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
   [ ] Correct Erroneous State/Local
   [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify) _____

[x] Damages in the amount of $ 2,000,000.00 are claimed.

February 3, 2022

DATE

[ ] PLAINTIFF  [ ] DEFENDANT  [•] ATTORNEY FOR  [•] PLAINTIFF
                                      [ ] DEFENDANT

Allan M. Siegel

PRINT NAME

1232 17th Street, N.W. Washington, DC  20036

ADDRESS/TELEPHONE NUMBER OF SIGNATOR

(202) 659-8680

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 10/12

## Civil Action Type Codes
### (Clerk's Office Use Only)

Accounting ................................................ ACCT
Adoption .................................................... ADOP
Adoption – Foreign .................................... FORA
Adult Protection ........................................ PROT
Aid and Guidance ........................................ AID
Annexation ................................................ ANEX
Annulment ................................................. ANUL
Annulment – Counterclaim/Responsive Pleading... ACRP
Appeal/Judicial Review
    ABC Board ........................................... ABC
    Board of Zoning ................................. ZONE
    Compensation Board ........................... ACOM
    DMV License Suspension ....................... JR
    Employment Commission ......................... EMP
    Employment Grievance Decision ............. GRV
    Local Government ............................... GOVT
    Marine Resources ............................... MAR
    School Board ........................................ JR
    Voter Registration ............................. AVOT
    Other Administrative Appeal ................ AAPL
Appointment
    Conservator of Peace ........................... COP
    Church Trustee .................................. AOCT
    Guardian/Conservator .......................... APPT
    Marriage Celebrant ............................. ROMC
    Standby Guardian/Conservator ............. STND
Asbestos Litigation ......................................... AL
Attachment .................................................. ATT
Bond Forfeiture Appeal .................................. BFA
Child Abuse and Neglect – Unfounded Complaint ..CAN
Civil Contempt ........................................... CCON
Claim Impleading Third Party Defendant –
    Monetary Damages/No Monetary Damages ......... CTP
Complaint – (Miscellaneous) .......................... COM
Compromise Settlement ............................... COMP
Condemnation ........................................... COND
Confessed Judgment ......................................... CJ
Contract Action ......................................... CNTR
Contract Specific Performance ...................... PERF
Counterclaim – Monetary Damages/No Monetary
    Damages ............................................... CC
Cross Claim ............................................... CROS
Declaratory Judgment ................................. DECL
Declare Death ............................................ DDTH
Detinue ....................................................... DET
Divorce
    Complaint – Contested/Uncontested ....... DIV
    Counterclaim/Responsive Pleading ....... DCRP
    Reinstatement – Custody/Visitation/Support/
      Equitable Distribution ...................... CVS
Driving Privileges
    Reinstatement pursuant to § 46.2-427 ..... DRIV
    Restoration – Habitual Offender or
      3rd Offense ...................................... REST

Ejectment .................................................. EJET
Encumber/Sell Real Estate ............................... RE
Enforce Vendor's Lien ................................. VEND
Escheatment ................................................ ESC
Establish Boundaries ................................... ESTB
Expungement ............................................. XPUN
Forfeiture of U.S. Currency ......................... FORF
Freedom of Information .................................. FOI
Garnishment ............................................. GARN
Injunction .................................................... INJ
Intentional Tort .......................................... ITOR
Interdiction ............................................... INTD
Interpleader ............................................... INTP
Interrogatory ............................................. INTR
Judgment Lien – Bill to Enforce ................... LIEN
Landlord/Tenant ............................................ LT
Law Enforcement/Public Official Petition ........ LEP
Mechanics Lien ......................................... MECH
Medical Malpractice ..................................... MED
Motor Vehicle Tort ......................................... MV
Name Change ................................................. NC
Other General Tort Liability ....................... GTOR
Partition .................................................... PART
Petition – (Miscellaneous) ............................. PET
Product Liability ......................................... PROD
Quiet Title .................................................... QT
Referendum Elections ................................. ELEC
Reinstatement (Other than divorce or driving
    privileges) ......................................... REIN
Removal of Case to Federal Court .................. REM
Restore Firearms Rights – Felony ................. RFRF
Restore Firearms Rights – Review ................ RFRR
Separate Maintenance ..................................... SEP
Separate Maintenance – Counterclaim/Responsive
    Pleading ........................................... SCRP
Sever Order ............................................... SEVR
Taxes
    Correct Erroneous State/Local ............. CTAX
    Delinquent ........................................ DTAX
Termination of Mineral Rights ....................... MIN
Trust – Impress/Declare ............................... TRST
Trust – Reformation ..................................... REFT
Unlawful Detainer .......................................... UD
Vehicle Confiscation ..................................... VEH
Voting Rights – Restoration ......................... VOTE
Will Construction ....................................... CNST
Will Contested ............................................ WILL
Writs
    Certiorari ............................................. WC
    Habeas Corpus .................................... WHC
    Mandamus ........................................... WM
    Prohibition .......................................... WP
    Quo Warranto .................................... WQW
Wrongful Death ............................................. WD

Uploaded: 2022FEB04 17:56 Filed By: PFBYE on behalf of Bar# 38192 ASISGEL Reference: EF-9749P
E-Filed: 2022FEB04 LOUDOUN CC BRITTANY.ROHRER at 2022FEB07 10:42 CL22000662-00

**V I R G I N I A:**

        **IN THE CIRCUIT COURT FOR LOUDOUN COUNTY**

| | |
|---|---|
| **ARJUN IYER, a Minor** | : |
| **By and through his Parent and** | : |
| **Next Friend Rakesh Iyer** | : |
| 42914 Bittner Square | : |
| Ashburn, VA 20148 | : |
| | : |
|       Plaintiff, | : |
| | : |
|    v. | : |
| | : |
| **WALMART INC.** | : |
| 702 SW 8th Street | : |
| Bentonville, AR 72716 | : |
|    **SERVE:** | : |
|      C T Corporation System | : **Case No.:** |
|      4701 Cox Road | : |
|      Suite 285 | : |
|      Glen Allen, VA 23060 | : |
| | : |
|    and | : |
| | : |
| **HANDY TECHNOLOGIES, INC.** | : |
| 53 W 23rd Street | : |
| Floor 3 | : |
| New York, NY 10010 | : |
|    **SERVE:** | : |
|      C T Corporation System | : |
|      4701 Cox Road | : |
|      Suite 285 | : |
|      Glen Allen, VA 23060 | : |
| | : |
|    Defendants. | : |

## <u>COMPLAINT</u>

    COMES NOW minor Plaintiff Arjun Iyer, by and through his attorneys, Allan M. Siegel, Esquire, and the law firm of Chaikin, Sherman, Cammarata & Siegel, P.C., and respectfully represents as follows:

**COUNT I**
(Negligence – Personal Injury)

1.    This Court has jurisdiction over the within cause of action in that the incident complained of herein occurred in Loudoun County, Virginia.

2.    Upon information and belief, Defendant Walmart Inc. (hereinafter "Walmart") contracted and/or partnered with Defendant Handy Technologies, Inc. (hereinafter "Handy"), to provide Defendant Walmart's customers with "high quality assembly and installation services" by "highly-rated professionals," who are "vetted" by Defendant Handy. Defendants "end-to-end purchase and installation experience" for Defendant Walmart's customers was done to give Defendant Walmart a "competitive advantage and drive increased revenue."

3.    On or about June 23, 2020, Plaintiff Arjun Iyer's father, Rakesh Iyer, purchased a Vilano Diverse 3.0 Performance Hybrid Road Bike 24 Speed Disc Brakes (hereinafter "bicycle") from Defendant Walmart's website for Plaintiff Arjun Iyer. Also purchased was an add-on service from Defendant Walmart to have the bicycle assembled at the Plaintiff's home by a qualified assembler, provided by Defendant Handy.

4.    On or about July 3, 2020, Defendants Walmart and/or Handy, acting by and through their actual and/or apparent agents, servants, and/or employees, acting in the course and scope of

2

their employment, assembled the bicycle at the Plaintiff's home. Defendants Walmart and/or Handy, acting by and through their actual and/or apparent agents, servants, and/or employees, represented and warranted to Plaintiff and his father that the bicycle was properly assembled and inspected and was in a safe and reasonable condition free of actual and/or latent defects that might foreseeably endanger the Plaintiff.

5.    On or about July 17, 2020, Plaintiff Arjun Iyer was operating the bicycle proceeding on Claiborne Parkway, at or near its intersection with Park Glenn Drive, in Loudoun County, Virginia.

6.    At said time and place, the front tire of the Plaintiff's bicycle detached from the frame of the bicycle without warning, causing the Plaintiff to crash violently head first onto the pavement of Claiborne Parkway.

7.    Upon information and belief, Defendants Walmart and/or Handy, acting by and through their actual and/or apparent agents, servants, and/or employees, acting in the course and scope of their employment, had a duty to reasonably assemble and inspect the bicycle, including, but not limited to, the front tire and tire retention system, in such a manner as to ensure it was safe to ride on public streets. Defendants Walmart and/or Handy knew, or should have known, that the front tire of the Plaintiff's

3

bicycle was not properly and safely secured to the frame of the bicycle.

8.   Defendant Walmart and/or Handy, acting by and through their actual and/or apparent agents, servants, and/or employees, acting in the course and scope of their employment, had a duty to warn Plaintiff that the front tire was not properly and safely secured to the frame of the bicycle, which rendered the bicycle unreasonably dangerous to use.

9.   Defendant Walmart and/or Handy, acting by and through their actual and/or apparent agents, servants, and/or employees, acting in the course and scope of their employment, breached the duties owed to the Plaintiff by, inter alia, failing to properly assemble and inspect the bicycle; failing to detect and remedy the defect that caused the front tire to detach from the bicycle, failing to warn Plaintiff of the dangers associated with the use of the bicycle with a front tire that was not properly secured to the frame; representing to Plaintiff that the bicycle was free of actual and/or latent defects; and selling a bicycle that Defendant knew, or should have known, lacked a properly secured front tire. At all times mentioned herein, Plaintiff was free of negligence and/or contributory negligence.

10.  As a direct and proximate result of the Defendants' aforesaid negligence, Plaintiff Arjun Iyer suffered injuries and damages, including, but not limited to: a closed fracture of the

right side of mandibular alveolar process; fractures of teeth nos. 7, 8, 9, and 10, requiring surgical removal and repair; lacerations to the lips and face, requiring sutures and resulting in permanent scarring; a traumatic brain injury causing cognitive deficits, dizziness, anxiety, fatigue, emotional changes, and headaches; and contusion of the right hand and wrist; he has incurred and will continue to incur, medical and hospital expenses in an effort to care for his injuries; he has suffered, and will in the future continue to suffer, a loss of earnings and/or earning capacity; he has incurred property damage to his bicycle; and he has suffered, and will in the future suffer, great pain of body and mind; all of which may be permanent in nature.

WHEREFORE, minor Plaintiff Arjun Iyer, by and through his Parent and Next Friend Rakesh Iyer, demands judgment of and against Defendants Walmart Inc. and Handy Technologies, Inc., jointly and severally, in the full amount of Two Million Dollars ($2,000,000.00), plus pre-judgment interest and costs.

Respectfully submitted,

**ARJUN IYER, a Minor**
**By and through his Parent and**
**Next Friend Rakesh Iyer**
By Counsel

**CHAIKIN, SHERMAN,**
  **CAMMARATA & SIEGEL, P.C.**


**/s/ Allan M. Siegel**
Allan M. Siegel
VA Bar No.: 38192
1232 17th Street, N.W.
Washington, DC 20036
Tel: (202) 659-8600
Fax: (202) 659-8680
siegel@dc-law.net
*Attorneys for Plaintiff*


<u>**JURY DEMAND**</u>

   Plaintiff hereby requests a trial by jury as to all issues

triable herein.


**/s/ Allan M. Siegel**
Allan M. Siegel

6

Case 1:22-cv-00441-PTG-TCB Document 1-2 Filed 04/20/22 Page 11 of 31 PageID# 18





**CHAIKIN**
**SHERMAN**
**CAMMARATA**
**SIEGEL P.C.**

Attorneys at Law

Ira Sherman * ◦ □          Matthew W. Tievsky * ◦ △          Silverio Coy, Of Counsel *
Joseph Cammarata * ◦ △ ◦      Stephen P. Ollar * ◦          Aseged Yimer, Of Counsel * ◦ ◦
Allan M. Siegel * ◦ △          Sonjay Singh ◦ •          Donald J. Chaikin (1933-2009)

* D.C. Bar      • Maryland Bar      △ Virginia Bar      ◦ New York Bar      • Pennsylvania Bar

March 2, 2022

Clerk, Circuit Court
Loudoun County
18 E. Market Street
Leesburg, VA 20178

      RE:   **Arjun Iyer, a minor by and through his Parent and Next Friend**
              **Raksh Iyer v. Walmart, Inc.**
              **Case No: CL220000662-0**

Dear Clerk:

    Enclosed please find two copies of the Complaint in this case.

    Please issue the Writs of Summons **to be served via private process server** in this case so we may able to view on-line and have access.

    Thank you for your assistance in this matter.

                 Very truly yours,

                 Pamela D. Frye
                 Paralegal to Allan M. Siegel, Esq.

Enclosures

**VIRGINIA:**

FILED

2022 APR 11 PM 1:41

CIRCUIT COURT
CLERKS OFFICE
LOUDOUN COUNTY, VA

TESTE _____ D.C.

IN THE CIRCUIT COURT FOR LOUDOUN COUNTY

**ARJUN IYER, a Minor**
**By and through his Parent and**
**Next Friend Rakesh Iyer**

        *Plaintiff,*

v.

        Case No. CL22000662-00

**WALMART INC.,** *et al.*

        *Defendants.*

_____

## DEFENDANTS' CONSENT MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT AND DISCOVERY

    Defendants Walmart Inc. ("Walmart") and Handy Technologies, Inc. ("Handy Technologies") (collectively, "Defendants"), by consent of all parties, hereby move this Court to extend their time to file responsive pleadings or otherwise respond to the Complaint filed in this action and to respond to discovery issued with the Complaint, and in support thereof, state as follows:

    1.    Plaintiff Arjun Iyer, a minor by and through his parent and next friend Rakesh Iyer, ("Plaintiff") filed the Complaint in this action on or about February 4, 2022.

    2.    Plaintiff served Defendants on March 21, 2022 with the Complaint and certain discovery requests.

    3.    Defendants' response to the Complaint is due on or before April 11, 2022 .

    4.    Defendants' responses to Plaintiff's discovery requests are due on or before April 18, 2022.

5.      In order to evaluate the Complaint and their response, Defendants seek an additional thirty (30) days to file responsive pleadings or otherwise respond to the Complaint and Discovery.

6.      Plaintiff consents to a thirty (30) day extension of time for Defendants to file responsive pleadings or otherwise respond to the Complaint as evidenced by Plaintiff's counsel's correspondence, attached hereto as Exhibit A.

7.      Plaintiff also consents to a thirty (30) day extension of time for Defendants to serve responses to the discovery issued to them as evidenced by Plaintiff's counsel's correspondence in Exhibit A.

8.      This Motion is made as a matter of convenience and is without prejudice to any of Defendants' rights, all of which are expressly preserved.

WHEREFORE, the parties respectfully request that this motion be granted and that the Court (a) extend Defendants' deadline to file responsive pleadings or otherwise respond to the Complaint by thirty (30) days to May 11, 2022, (b) extend Defendants' deadline to respond to the discovery served on them by thirty (30) days to May 18, 2022, and (c) grant such other relief as the Court deems appropriate.

Dated:  April 11, 2022                    Respectfully submitted,


Christian A. Yingling (VSB # 91243)
Quarles & Brady, LLP
1701 Pennsylvania Avenue NW, Suite 700
Washington, D.C. 20006
202-372-9529
Christian.Yingling@quarles.com
*Attorney for Handy Technologies, Inc.*

2

Cameron Beck
McCandlish Holton
1111 East Main Street, Suite 2100
Richmond, VA 23219
(804) 344 6322
cbeck@lawmh.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 11, 2022, a true and accurate copy of the foregoing was served via First Class Mail to:

Allan M. Siegel
Chaikin, Sherman, Cammarata & Siegel, P.C.
1232 17th Street, N.W.
Washington, DC 20036
Tel: (202) 659-8600
Fax: (202) 659-8680
siegel@dc-law.net

Christian A. Yingling

3

# EXHIBIT A

**From:** Allan Siegel <siegel@dc-law.net>
**Date:** April 8, 2022 at 3:20:45 PM EDT
**To:** "Mykulak, George W. (WDC x5633)" <George.Mykulak@quarles.com>
**Subject: RE: Iyer vs. Walmart and Handy Technologies**

Yes – so long as the same courtesies are extended to the Plaintiff.



CHAIKIN
SHERMAN
CAMMARATA
SIEGEL P.C.
Attorneys at Law

Allan M. Siegel
Attorney

1232 Seventeenth Street, N.W.
Washington, D.C. 20036
Telephone | 202.659.8600
Fax | 202.659.8680
www.chaikinsherman.com





**From:** Mykulak, George W. <George.Mykulak@quarles.com>
**Sent:** Friday, April 08, 2022 3:04 PM
**To:** Allan Siegel <siegel@dc-law.net>
**Subject:** RE: Iyer vs. Walmart and Handy Technologies

Allan – can I assume that Handy has the same 30 day extension on discovery that you have given Walmart?

Thanks for your courtesies.
George

**From:** Allan Siegel <siegel@dc-law.net>
**Sent:** Friday, April 8, 2022 1:34 PM
**To:** Mykulak, George W. (WDC x5633) <George.Mykulak@quarles.com>
**Subject:** RE: Iyer vs. Walmart and Handy Technologies

George,

Sorry for the delay. I had been in trial earlier this week, and am just catching up on all my emails, and messages. I just tried to call you to introduce myself, but got your voicemail.

I will consent to your request for an extension. I look forward to working with you on this case.



**CHAIKIN**
**SHERMAN**
**CAMMARATA**
**SIEGEL P.C.**
Attorneys at Law

Allan M. Siegel

Attorney

1232 Seventeenth Street, N.W.
Washington, D.C. 20036
Telephone | 202.659.8600
Fax | 202.659.8680
www.chaikinsherman.com





**From:** Mykulak, George W. <George.Mykulak@quarles.com>
**Sent:** Friday, April 08, 2022 1:23 PM
**To:** Allan Siegel <siegel@dc-law.net>
**Subject:** RE: Iyer vs. Walmart and Handy Technologies

I have not received your response to this email and my voice mail from yesterday – please advise today whether you will consent to a 30 day enlargement of the period of time within which defendants may respond to the Complaint.

Thank you.
George Mykulak

**From:** Mykulak, George W. (WDC x5633) <George.Mykulak@quarles.com>
**Sent:** Wednesday, April 6, 2022 4:53 PM
**To:** 'siegel@dc-law.net' <siegel@dc-law.net>
**Subject:** Iyer vs. Walmart and Handy Technologies

Good afternoon, Attorney Siegel – we have been engaged to represent Handy Technologies in connection with the recent litigation that you have commenced on behalf of Arjun Iyer in Loudoun County. I write to request a 30 day enlargement of the period of time within which defendants may respond to the Complaint.  In addition to reviewing the allegations of your complaint, we need additional time to determine whether we also will be representing Walmart and to consider removal options. Since we may be representing Walmart, I make this request for an enlargement on behalf of both Handy and Walmart.

Thank you for your anticipated cooperation.
George Mykulak



**George W. Mykulak** / Partner
Admitted in Massachusetts
George.Mykulak@quarles.com / LinkedIn
**Quarles & Brady LLP**
1701 Pennsylvania Avenue, NW, Suite 700 / Washington, DC 20006-5805
Office 202-780-2633 / quarles.com
Assistant Jordan Agren (202) 780-2653

VISIT our COVID-19: Guidance for Clients page for the latest updates from Q&B attorneys

**CONFIDENTIALITY NOTICE:** This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system.

**VIRGINIA:**

2022 APR 11 PM 12:41

## IN THE CIRCUIT COURT FOR LOUDOUN COUNTY

**ARJUN IYER, a Minor**
**By and through his Parent and**
**Next Friend Rakesh Iyer**

*Plaintiff,*

v.

Case No. CL22000662-00

**WALMART INC.,** *et al.*

*Defendants.*

_____

### [PROPOSED] ORDER

Upon consideration of Defendants' Consent Motion to Extend Time to Respond to Complaint and Discovery, it is hereby:

ORDERED that the Consent Motion to Extend Time to File Respond to Complaint and Discovery is GRANTED and Defendants time to respond to the Complaint in this action is extended to May 11, 2022 and to respond to Plaintiff's discovery is extended to May 18, 2022.

Dated:_____       _____

Circuit Court for Loudoun County Judge

FILED

2022 APR 11  PM 1:41

CIRCUIT COURT
CLERKS OFFICE
LOUDOUN COUNTY, VA

TESTE: _____ D.C.

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR LOUDOUN COUNTY

ARJUN IYER, a Minor
by and through his Parent and
next friend Rakesh Iyer,

                Plaintiff,

v.                                            Case No. <u>CL22000662-00</u>

WALMART INC.,

and

HANDY TECHNOLOGIES, INC.,

                Defendants.

## <u>ANSWER</u>

    Walmart Inc. ("Walmart"), by counsel, states as follows for its Answer to the Plaintiff's Complaint:

## <u>COUNT I</u>
## <u>(NEGLIGENCE – PERSONAL INJURY)</u>

    1.    Paragraph 1 sets forth legal conclusions to which no response is necessary. Walmart denies any factual allegations.

    2.    Walmart is without sufficient information to admit or deny the allegations in paragraph 2 of the Complaint, and Plaintiff has not identified the source of the quoted language. Accordingly, Walmart denies the allegations in paragraph 2 of the Complaint.

    3.    Walmart is without sufficient information to admit or deny the allegations in paragraph 3 of the Complaint, and therefore, Walmart denies the allegations in paragraph 3 of the Complaint.

4.      Walmart is without sufficient information to admit or deny the allegations in paragraph 4 of the Complaint, and therefore, Walmart denies the allegations in paragraph 4 of the Complaint.

5.      Walmart is without sufficient information to admit or deny the allegations in paragraph 5 of the Complaint, and therefore, Walmart denies the allegations in paragraph 5 of the Complaint.

6.      Walmart denies the allegations in paragraph 6 of the Complaint.

7.      Walmart denies the allegations in paragraph 7 of the Complaint.

8.      Paragraph 8 sets forth legal conclusions to which no response is necessary.  To the extent a response is required, the allegations are denied.

9.      Walmart denies the allegations in paragraph 9 of the Complaint.

10.     Walmart denies the allegations in paragraph 10 of the Complaint.

11.     Walmart denies the allegations in the final paragraph starting with, "WHEREFORE."

12.     Walmart denies any allegations not expressly admitted herein

## **AFFIRMATIVE DEFENSES**

13.     Pursuant to the Virginia Rules, Walmart is pleading contributory negligence on the grounds that the claim alleged by the Plaintiff may be barred by the negligence of the minor's parents.

14.     The Plaintiff's injuries were caused by the actions of others, over whom Walmart had no control.

15.     Walmart preserves all its rights to enforce any applicable arbitration agreements.

16.     Pursuant to the Virginia Rules, Walmart states Plaintiff's claim may barred due to misuse or abuse of the product.

17.     Walmart did not owe any of the alleged duties to the Plaintiff.

18.     Walmart did not have a duty to warn as alleged by the Plaintiff.

19.     Walmart reserves the right to assert at trial any and all properly provable affirmative defenses it may have to this action and to amend its answer accordingly.

WHEREFORE, Walmart denies that is liable to the Plaintiff and moves this court to dismiss the Complaint.

**TRIAL BY JURY IS REQUESTED**

WALMART INC.

By:_____
                              Counsel

D. Cameron Beck, Jr. (VSB No. 39195)
MCCANDLISH HOLTON, PC
P.O. Box 796
1111 E. Main Street, Suite 2100
Richmond, Virginia 23219
Tel.: (804) 344-6322
Fax: (804) 819-1163
cbeck@lawmh.com
*Counsel for Defendant Walmart, Inc.*

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of April, 2022, the foregoing was sent via email to

the following:

Allan M. Siegel (VSB No. 38192)
Chaikin, Sherman, Cammarata & Siegel, P.C.
1232 17th Street, N.W.
Washington, DC 20036
T: 202-659-8600
F: 202-659-8680
siegel@dc-law.net
*Counsel for Plaintiff*

4

Uploaded: 2022APR20 12:27 Filed By Bar# 81243 GYINSUNG Reference: EF-101703
E-Filed: 2022APR20 LOUDOUN CC BRITTANY.ROHRER at 2022APR20 15:05 CL22000662-00

# V I R G I N I A:

## IN THE CIRCUIT COURT FOR LOUDOUN COUNTY

| | |
|---|---|
| ARJUN IYER, a Minor<br>By and through his Parent and<br>Next Friend Rakesh Iyer<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. CL22000662-00<br>)<br>)<br>)<br>)<br>)<br>) |

## HANDY TECHNOLOGIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Handy Technologies, Inc. ("Handy Technologies"), by counsel, submits its Answer and Affirmative Defenses ("Answer") to the Complaint filed by Arjun Iyer, a Minor by and through his Parent and Next Friend Rakesh Iyer (together, "Plaintiff"). To the extent not specifically admitted below, Handy Technologies denies the allegations in the Complaint, denies that it has any liability to Plaintiff, denies that it caused Plaintiff any harm, injury or damages, and denies that Plaintiff is entitled to any relief.

By submitting this Answer, Handy Technologies expressly reserves and does not waive its arbitration rights, including its right to compel arbitration of all claims in the Complaint.

### Count I
(Negligence – Personal Injury)

1.       Paragraph 1 contains a legal conclusion to which no response is required.

2.       Paragraph 2 purports to describe the written terms of a contract which is not attached to the Complaint, which speaks for itself and may be construed as a matter of law. Handy

Technologies denies any allegations or characterizations inconsistent with the contract and otherwise denies the allegations in Paragraph 2.

3.      Handy Technologies denies the allegation in Paragraph 2 that it provided the assembler of Plaintiff's bicycle and otherwise is without sufficient knowledge to admit or deny the allegations in Paragraph 3 and, therefore, denies the same.

4.      Paragraph 4 contains legal conclusions to which no response is required.  To the extent a response is required, Handy Technologies states that it is without sufficient knowledge to admit or deny the allegations contained in Paragraph 4 and, therefore, denies the same. Responding further, Handy Technologies denies that any of its agents, servants or employees assembled the bicycle or made any representations or warranties to Plaintiff or for its benefit as alleged in Paragraph 4.

5.      Handy Technologies is without sufficient knowledge to admit or deny the allegations in Paragraph 5 and, therefore, denies the same.

6.      Handy Technologies is without sufficient knowledge to admit or deny the allegations in Paragraph 6 and, therefore, denies the same.

7.      Paragraph 7 contains legal conclusions to which no response is required.  To the extent a response is required, Handy Technologies denies the allegations.

8.      Paragraph 8 contains legal conclusions to which no response is required.   To the extent a response is required, Handy Technologies denies the allegations.

9.      Paragraph 9 contains legal conclusions to which no response is required.  To the extent a response is required, Handy Technologies denies the allegations.

10.      Paragraph 10 contains legal conclusions to which no response is required.  To the extent a response is required, Handy Technologies denies that it proximately caused any injury to

Plaintiff and states that it is without sufficient knowledge to admit or deny the allegations contained in Paragraph 10 and, therefore, denies the same.

Without any limitation on the foregoing, Handy Technologies denies any allegations not expressly admitted hereinabove and denies any liability to Plaintiff.

## AFFIRMATIVE DEFENSES

Without limitation, Handy Technologies asserts the following affirmative defenses in response to the allegations in the Complaint:

1.      The claims in the Complaint are subject to a valid and enforceable arbitration agreement and should be dismissed in favor of arbitration.

2.      Plaintiff has agreed, to the extent that the claims in the Complaint are not subject to arbitration, to submit to the personal and exclusive jurisdiction and venue of the courts located within the county of New York, New York.

3.      The Complaint fails to state a claim against Handy Technologies upon which relief can be granted.

4.      Handy Technologies owed no duty of care or other legal duty to Plaintiff relative to the subject matter of the Complaint.

5.      In the alternative, Handy Technologies did not breach any duty of care or other legal duty to Plaintiff relative to the subject matter of the Complaint.

6.      Plaintiff's alleged injuries were not foreseeable to Handy Technologies.

7.      Plaintiff's alleged injuries were caused, in whole or in part, by his own failure to use ordinary care and/or negligence and/or gross negligence.

8.      Handy Technologies did not cause, in whole or in part, Plaintiff's conduct.

9.      Plaintiff released Handy Technologies from liability, in whole or in part, on the

claims in the Complaint.

10.     Plaintiff's claims against Handy Technologies are barred by waiver and/or estoppel.

11.     Plaintiff's claims are barred by his misuse or abuse of the product.

12.     Plaintiff's claims are barred by Handy Technologies' Terms of Use.

13.     Plaintiff's damages are limited Hany Technologies' Terms of Use.

14.     Plaintiff failed to satisfy conditions precedent to bringing its claims or this litigation.

15.     Plaintiff's claims are barred by the Communications Decency Act, 47 U.S.C. § 230.

16.     Plaintiffs' claims are barred by agreement with the third-party assembler.

17.     Plaintiff has failed to join necessary and/or indispensable parties.

18.     The conduct of Plaintiff or third parties contributed to his injuries.

19.     Plaintiff failed to mitigate any damages and/or injuries he suffered.

20.     Plaintiff assumed the risk for any damages he suffered.

21.     Plaintiff's has agreed to limitations on any recovery.

22.     Plaintiff's claims are untimely.

23.     Plaintiff's claims were not filed in accordance with the limitations set forth in Handy Technologies' Terms of Use.

24.     Any recovery by Plaintiff must be reduced or offset by Plaintiff's recovery from insurance and third-parties.

        Handy Technologies reserves the right to assert any other affirmative or other defenses of which it becomes aware during the pendency of this matter.

        WHEREFORE Defendant Hany Technologies denies the allegations in the Complaint as

set forth above and respectfully states that, in due course, the Court should dismiss the Complaint

filed by Plaintiff and grant Defendant such further relief that the Court deems appropriate.

Dated:  April 20, 2022                           Respectfully submitted,

                                                 _____
                                                 Christian A. Yingling (VSB # 91243)
                                                 Quarles & Brady, LLP
                                                 1701 Pennsylvania Avenue NW, Suite 700
                                                 Washington, D.C. 20006
                                                 202-372-9529
                                                 Christian.Yingling@quarles.com
                                                 *Attorney for Handy Technologies, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 20, 2022, a true and accurate copy of the foregoing was  electronically filed via the Court's Virginia Judicial E-filing System and further certifies that a copy of the foregoing has also been served via Electronic Mail and Facsimile to:

Allan M. Siegel
Chaikin, Sherman, Cammarata & Siegel, P.C.
1232 17th Street, N.W.
Washington, DC 20036
Tel: (202) 659-8600
Fax: (202) 659-8680
siegel@dc-law.net
*Counsel for Plaintiff*

Cameron Beck
McCandlish Holton, PC
1111 East Main Street, Suite 2100
Richmond, VA 23219
Tel: (804) 344 6322
Fax: (804) 819-1163
cbeck@lawmh.com
*Counsel for Walmart Inc.*

_____
Christian A. Yingling